

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| JAVIER MARTINEZ, | ) ) | CASE NO. 12-38081-H3-13 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(4)(A) (Docket No. 4). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Javier Martinez ("Debtor") filed a voluntary petition in the above captioned Chapter 13 case on November 2, 2012. Prior to the instant case, Debtor was the debtor in two previous cases.

Debtor filed the first case, Case No. 10-39554-H3-13 on October 27, 2010. The first case was dismissed, by order entered on February 13, 2010, for failure of Debtor to make payments

pursuant to a confirmed Chapter 13 plan (Docket No. 92, Case No. 10-39554-H3-13).

Debtor filed the second case, Case No. 12-32290-H3-13, on March 29, 2012. The second case was dismissed, by order entered on September 18, 2012, for failure of Debtor to make interim payments before confirmation of a Chapter 13 plan. (Docket No. 65, Case No. 12-32290-H3-13).

In the instant motion, Debtor seeks the imposition of a stay pursuant to Section 362(c)(4)(A) of the Bankruptcy Code.

At the hearing on the instant motion, Debtor testified that he is a general contractor. He testified that he was unable to make the plan payments during the first case because he was contributing funds to pay for nursing home care for his father. He testified that he was unable to make plan payments during the second case because he was injured for approximately one month due to a car wreck.

Debtor testified that he has experienced a change in financial circumstances, by surrendering a rental property, and having his brother move in with him. Debtor testified that he purchased the second property (which he now intends to surrender) for his father. He testified that, after his father moved into a nursing home, his brother moved into the property. He testified that his brother paid him $1,370 per month in rent during the second case.

Debtor testified that his brother has now moved into Debtor's homestead. He testified that he does not know whether taxes and insurance have been paid with respect to the property.

Debtor's Schedule I indicates that he anticipates receiving $2,681 per month from operation of his contracting business, and an additional $3,530 per month from his brother. (Docket No. 1). Debtor's brother did not testify at the hearing on the instant motion.

Debtor testified that his brother is a cabinet-maker. He testified that the $3,530 he anticipates receiving from his brother is partially comprised of rent, and partially comprised of his brother's contribution to Debtor's contracting business. Debtor testified that the garage at his homestead has been converted into a wood shop.

## Conclusions of Law

Section 362(c)(4) of the Bankruptcy Code provides:

(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and

(ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as

the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) -

    (i) as to all creditors if -

        (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

        (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or

        (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or

    (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of

>> dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

11 U.S.C. § 362(c)(4).

The instant case was filed on November 2, 2012. Both the first case and the second case were pending, but were dismissed, within the 1-year period preceding the filing of the instant case. Thus, under Section 362(c)(4)(A)(i) of the Bankruptcy Code, no stay went into effect in the instant case, and under Section 362(c)(4)(D)(i)(I) of the Bankruptcy Code, there is a presumption that the instant case was not filed in good faith.

In determining whether a presumption has been rebutted, courts consider the totality of the circumstances. See In re Charles, 332 B.R. 538 (Bankr. S.D. Tex. 2005); In re Ball, 336 B.R. 268 (Bankr. M.D.N.C. 2006); In re Montoya, 342 B.R. 312 (Bankr. S.D. Cal. 2006); In re Baldassaro, 338 B.R. 178 (Bankr. D.N.H. 2006); In re Carr, 344 B.R. 776 (Bankr. N.D. W.Va. 2006); In re Ferguson, 376 B.R. 109 (Bankr. E.D. Pa. 2007); In re Mark, 336 B.R. 260 (Bankr. D. Md. 2006).

In the instant case, Debtor's testimony indicates that he has a hope that his business venture with his brother will succeed. However, he was not able, in his testimony, to show a full grasp of the nature and extent of his financial obligations. Moreover, the proposed contribution of Debtor's brother is more

than half of Debtor's total income.  Debtor's brother did not testify.  The court concludes that Debtor has failed to rebut the presumption that the instant case was not filed in good faith.  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(4)(A) (Docket No. 4).

Signed at Houston, Texas on November 27, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE